UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIFFANY YIP, *et al.*,<br><br>                              Plaintiffs,<br>    v.<br>BANK OF AMERICA, N.A.,<br>                              Defendant. | Case No. 2:21-cv-01254-ART-EJY<br><br>ORDER CONSOLIDATING CASES FOR PRETRIAL PURPOSES |
| A.H. Hamilton, an individual, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br>    v.<br>BANK OF AMERICA, N.A.,<br>                              Defendant. | Case No. 2:22-cv-00374-ART-EJY |

Before the Court is Defendant Bank of America, N.A.'s Motion to Consolidate (ECF No. 10) this class action with *Yip v. Bank of America, N.A.*, 2:21-cv-01254-ART-EJY, a collective action. The plaintiffs in this case and in *Yip* together oppose consolidation and argue instead that *Yip* should be stayed until the Court rules on the issue of class certification in this case. Because there is significant overlap between the claims in this case and in *Yip*, the Court orders these cases consolidated for the purposes of dispositive motions and discovery on those claims.

**I.    BACKGROUND**

The *Yip* plaintiffs filed the case on July 1, 2021. (ECF No. 1 in *Yip*.) On December 22, 2021, this case was consolidated with another collective action, *Vance, et al. v. Bank of America, N.A.*, 2:21-cv-02149-RFB-BNW, pursuant to a stipulation by the plaintiffs in both cases and Bank of America. (ECF No. 25 in

*Yip.*) Plaintiffs filed a First Amended Complaint ("FAC") on March 21, 2022, with the additional parties which now total 224 individuals. (ECF No. 31 in *Yip* ("FAC").)

According to the FAC, Bank of America was contracted to be the exclusive provider of the Nevada Department of Employment, Training & Rehabilitation's benefit programs, including unemployment insurance, disability insurance, paid family leave, pandemic unemployment assistance, and pandemic emergency unemployment compensation benefits (collectively "DETR benefits"). (FAC at ¶ 16.) When bidding for the contract, Bank of America allegedly offered to provide DETR benefits recipients with debit cards for the electronic distribution of DETR benefits and made certain representations about Bank of America's abilities to protect benefits recipients from fraud and to provide efficient and widely accessible customer service. (*Id.* at ¶¶ 13-21.) Notably, Bank of America allegedly promised that debit cardholders would receive Bank of America's "Zero-Liability coverage" for cases of fraud. (*Id.* at ¶ 14.)

Bank of America allegedly issued debit cards for DETR benefits which utilized only the magnetic stripe technology. Plaintiffs allege that the magnetic stripe technology is weaker and more susceptible to fraud than the now-industry standard chip technology, and that its use led to widespread unauthorized and fraudulent transactions resulting in the loss of significant funds to debit cardholder accounts. (*Id.* at ¶¶ 27-38, 42-47.) Bank of America allegedly failed to adequately respond to these fraud claims, including, *inter alia*, by making fraud difficult to report through long wait times and dropped calls, by denying fraud claims without investigation or explanation, by automatically and indefinitely freezing accounts when cardholders reported unauthorized transactions, and by making assistance with these issues difficult to obtain. (*Id.* at ¶¶ 48-66.) The FAC describes the harms experienced by each of the 224 individual plaintiffs, including home evictions due to inability to pay rent for lack of access to their

DETR benefits. (*Id.* at ¶¶ 67-290.)

The FAC includes twelve causes of action: (1) violations of the Electronic Funds Transfer Act ("EFTA"); (2) Due Process claims under the Fourteenth Amendment of the U.S. Constitution; (3) Due Process claims under the Nevada Due Process Clause; (4) violations of the Nevada Deceptive Trade Practices Act; (5) negligence and negligence per se; (6) breach of contract; (7) breach of implied contract; (8) breach of implied covenant of good faith and fair dealing; (9) breach of fiduciary duty; (10) breach of contract as third-party beneficiaries; (11) breach of implied covenant of good faith and fair dealing as third-party beneficiaries; and (12) unjust enrichment and money had and received.

Plaintiff A.M. Hamilton filed his putative class action complaint on March 1, 2022. (ECF No. 1 ("*Hamilton* Complaint").) The *Hamilton* Complaint begins by describing Bank of America's contract with DETR and how the Covid-19 pandemic placed a massive strain on the unemployment system. (*Hamilton* Complaint at ¶¶ 11-22.) The *Hamilton* Complaint then sets forth allegations concerning Bank of America's policies and actions after Bank of America ceased its role administering DETR benefits in June 2021. (*Id.* at ¶¶ 23-27.) Hamilton describes how he applied for unemployment in 2020, received a debit card from Bank of America, and "had no problem with the program" before he accepted a job offer and destroyed his debit card. (*Id.* at ¶¶ 28-33.) He then allegedly received a Form 1099 from DETR showing that he had been paid $3,000 by DETR in January of 2022. Bank of America failed to notify Hamilton of the payment despite having his contact information. (*Id.* at ¶¶ 34-35.) After Hamilton was unable to access to his Bank of America account, he filed a fraud claim with DETR, but never heard back from DETR or Bank of America and cannot access his account. (*Id.* at ¶¶ 36-43.)

The *Hamilton* Complaint sets forth two proposed classes: the Zero Liability Class and the Remainder Funds Class. (*Id.* at ¶ 44.) The Zero Liability Class is

defined as "All Nevada unemployment insurance debit card account customers of Bank of America who suffered a loss based upon an unauthorized transaction." (*Id.* at ¶ 45.) The Remainder Funds Class is defined as "All Nevada unemployment insurance debit card account customers of Bank of America who had funds remaining in their account as of the date of filing of the Class Action Complaint." (*Id.* at ¶ 46.) The *Hamilton* Complaint provides examples of stories posted on internet forums by debit cardholders, including examples where accounts were frozen by Bank of America after fraud was reported. (*Id.* at ¶ 51.) The *Hamilton* Complaint brings four claims: (1) breach of contract for the Zero Liability Class; (2) breach of contract for the Remainder Funds Class; (3) unjust enrichment and money had and received for both classes; and (4) violations of the EFTA for the Zero Liability Class.

On April 11, 2022, Bank of America filed a Motion to Consolidate for pretrial purposes in both this case and *Yip* (ECF No. 10; ECF No. 32 in *Yip*.) Plaintiffs in both this case and *Yip* oppose consolidation and proposed the alternative of staying *Yip* until the issue of class certification is decided in *Hamilton*. (ECF No. 14.) The parties in both cases have stipulated that Bank of America's anticipated motion or motions to dismiss are due 30 days after this Court decides the instant Motion to Consolidate. (ECF No. 12; ECF No. 33 in *Yip*.)

## II. DISCUSSION

Under Fed. R. Civ. P. 42, if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. The Court has "broad discretion" under Rule 42(a) in determining whether to consolidate cases pending in the same district. *Inv'rs Research Co., et al. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989 (citing 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2383 (1971)). The Court should balance the savings of time and effort that

consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Perfect identity between all claims in any two cases is not required, so long as there is some commonality of issues. *Zimmerman v. GJS Grp., Inc.*, 2018 WL 1512603, at *1 (D. Nev. Mar. 27, 2018). Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, change the rights of the parties, or make those who are parties in one suit parties in another. *Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018).

Here, there is significant overlap in law and fact between the claims in this case and in *Yip*. The Zero Liability Class in *Hamilton* would include all of the Plaintiffs in *Yip*. The *Hamilton* Complaint asserts breach of contract, unjust enrichment, and EFTA claims for the Zero Liability Class. These claims are also asserted in *Yip*. Efficiency would be gained by consolidating the cases for the purposes of dispositive motions and discovery on these claims. However, as the parties acknowledge, the claims in *Yip* go beyond those in *Hamilton*. In particular, the negligence claim regarding the magnetic stripe technology may require discovery beyond that required for the claims in *Hamilton*. Also, this case presents constitutional claims and a Nevada statutory claim that are not present in *Hamilton*.

The plaintiffs in both *Yip* and *Hamilton* oppose consolidation on the grounds that in *Yip*, Plaintiffs are proceeding individually, while *Hamilton* is a class action. Although consolidation of an individual action with a class action will not automatically be denied on that basis, in the instant matter the Court finds that this is a factor that weighs against full consolidation. The choice of whether to proceed individually or as a class is one of the more significant strategic choices that plaintiffs and their attorneys make in actions such as these. Some plaintiffs may have unique experiences which may merit further discovery and for which individual litigation may appear better suited. If the Zero Liability

Class is certified in *Hamilton*, that class would ostensibly cover the Plaintiffs in *Yip*. These individuals would have the right to opt out of the class in *Hamilton* and pursue their claims individually and under the broader legal theories present *Yip*. There is efficiency gained by preserving the separate character of *Yip* for those who do wish to opt out of *Hamilton*.

The Court finds that pretrial consolidation is warranted for the purposes of the overlapping claims, namely: (1) breach of contract; (2) unjust enrichment and money had and received; and (3) violations of the EFTA. In its anticipated motions to dismiss, Bank of America may address the overlapping claims jointly.[1] Bank of America must clearly identify which arguments are directed at which claim. Discovery on the overlapping claims will occur jointly.

**III.   CONCLUSION**

It is hereby ordered that this case be partially consolidated for pretrial purposes as described above.

DATED THIS 18th day of October 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] To be clear, Bank of America should file separate motions to dismiss in both cases. The sections for the overlapping claims may be identical.